**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 08-4058**

───────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DIDIER MEJIA-MARTINEZ, a/k/a Carlos Velasques Hernandez,

                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:07-cr-00179-REP-1)

───────────────

Submitted:  August 29, 2008        Decided:  September 25, 2008

───────────────

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Charles D. Lewis, HICKSTYMAS, LLC, Richmond, Virginia, for
Appellant.  Chuck Rosenberg, United States Attorney, Richard D.
Cooke, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Didier Mejia-Martinez pled guilty to illegal reentry after being convicted of an aggravated felony, 8 U.S.C. § 1326(a), (b)(1) (2000). The district court imposed a thirty-three month variance sentence above the advisory guideline range. Mejia-Martinez appeals his sentence, arguing that the sentence is unreasonable. We affirm.

According to a statement of facts that both parties accepted, Mejia-Martinez first entered the United States unlawfully in 2000 and was convicted in Virginia of possession of cocaine in April 2004, receiving a three-year suspended sentence. He was removed from the United States by immigration authorities in January 2004, in April 2004, and on May 5 and May 12, 2004. In sentencing Mejia-Martinez, the district court cited the nature and circumstances of the offense and Mejia-Martinez's history of unlawful reentries. See 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2008). The court also noted that a fifth illegal reentry is a serious offense, and that the sentence should provide just punishment and adequate deterrence, and protect the public. See 18 U.S.C.A. § 3553(a)(2) (West 2000 & Supp. 2008). The court observed that Mejia-Martinez's prior lenient treatment had not deterred him from returning to the United States.

After United States v. Booker, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness, using an abuse of

discretion standard of review. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). The first step in this review requires the appellate court to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. <u>United States v. Evans</u>, 526 F.3d 155, 160 (4th Cir. 2008). Mejia-Martinez has not claimed any procedural error.

The court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. <u>Id.</u> at 161. While the court may presume a sentence within the guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. <u>Gall</u>, 128 S. Ct. at 597. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify the sentence. <u>Id.</u> Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. <u>Evans</u>, 526 F.3d at 160.

Here, the district court followed the necessary procedural steps in sentencing Mejia-Martinez, properly calculating the guidelines range and considering that recommendation in conjunction with the § 3553(a) factors. In light of the facts of this case, and the district court's meaningful articulation of its consideration of the § 3553(a) factors and its bases for varying from the recommended guideline range, we conclude that the district

3

court's decision to vary and the extent of the variance were reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED